73,771-07

Mr. Kevin Terrell Tatum                    February 5, 2015
TDCJ #1409740
Darrington Unit
59 Darrington Rd.
Rosharon, Tx.   77583


TEXAS COURT OF CRIMINAL APPEALS
Attn: Hon. ABEL ACOSTA, Clerk
P.O. Box 12308, Capitol Station
Austin, Tx. 78711


Re:  Cause No. 73,771-07; ENCLOSED "2nd PETITION FOR WRIT OF
     MANDAMUS"; TRIAL COURT NO. 1042008-B.


Dear Court Clerk:

Enclosed, please find an Original Copy of Relator's "2nd
Petition For Writ Of Mandamus' filed pursuant to the above
styled and numbered cause, to be advanced before the Court.
Please file said Writ before the Court, having the appropriate
Jurisdiction over the same, at the Court's earliest
convenience. By copy of this letter, and the enclosed
'Petition', I am forwarding the same to the Respondent,
Hon. KRISTIN M. GUINEY, Judge, 179th Judicial District Court,
Houston, Tx. 77002. Your help in filing said '2nd Petition'
before the Court, having the appropriate Jurisdiction over the
same, at the Court's earliest convenience, would be greatly
appreciated.


Respectfully submitted,


_Kevin Terrell Tatum_
Kevin Terrell Tatum
Relator, Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

Cause No. <u>73,771-07</u>
Tr. Ct. No. <u>1042008-B</u>

---

| | | |
|---|---|---|
| KEVIN TERRELL TATUM, (Relator) | § | In The Texas Court |
| vs. | § | Of Criminal Appeals |
| Hon. KRISTIN M. GUINEY, Judge 179th Judicial District Court (Respondent) | § | Travis County, Texas |

---

## 2nd PETITION FOR WRIT OF MANDAMUS

---

TO THE HONORABLE JUDGES OF SAID COURT:

PLEASE TAKE NOTICE, that COMES NOW, KEVIN TERRELL TATUM, Relator, Pro Se, files this his '2nd Petition For Writ Of Mandamus', in good faith and in the interest of justice, contending Due Process would best be served your Petitioner by this Court Granting the same, and in support thereof, your Relator would present unto this Honorable Court the following:

I.

### JURISDICTION

That this Honorable Court has Jurisdiction to entertain said 'Petition' pursuant to Art. 22.221, et.al., Government Code, Art. 1 Sec. 10, Texas Constitution; U.S.C.A., Amendment 5; 14.

II.

## PROCEDURAL HISTORY

That your Relator filed and presented a Post-Trial Application for Writ of Habeas Corpus, challenging the Constitutionality of his confinement, on September 9, 2009. Said Writ was advanced before the 179th Judicial District Court, Harris County, Texas, Cause No. 1042008, along with a 'Motion For Leave To Supplement Points Of Errors' to said Writ, before any resolution. On November 10, 2009, the Court issued forth an Order 'Designating Issues' to be resolved. Thereafter, and prior to the resolution of Relator's claims advanced in his Writ, styled as Cause No. 1042008-A, your Relator advanced a 'Motion' before the Court to 'supplement' points of errors, pursuant to 'newly discovered evidence', along with the thrust to advance every available error. Your Relator, cognizant of the proverbial one-bite-at-the-apple, advanced a 'Motion For Leave To Supplement Points'. The Trial Court styled said 'Motion' as a 'Supplemental Writ', and categorized the same as Cause No. 1042008-B. Said 'Motion' was advanced before the Court on June 12, 2012, and should have been 'supplemented' with Cause No. 1042008-A. The Trial Court, 'Designated Issues To Be Resolved' in Cause Number 1042008-B, on September 25, 2012. Moreover, and pivotal to the 'Fundamental Miscarriage Of Justice' complained of in Relator's Writ, is the presentment of an 'Affidavit' from the State's Key Witness, CHARLEY IVORY. The Affidavit, clearly exculpatory to Relator's case, was 'Timely' advanced before the Court before the resolution of Cause Nos. 1042008-A, or 1042008-B.

## Consolidation Of Cause Nos. 1042008-A And 1042008-B

In addition, realizing the Court erred in improperly categorizing Relator's efforts to 'Supplement' points of errors in his Original Habeas, your Relator moved to have the Court 'Consolidate' Cause Nos. <u>1042008-A</u> and <u>1042008-B</u>. Curiously, the Trial Court addressed the merits of Relator's Constitutional Claims in his Habeas as two (2) distinct Writs, and at no time addressed the 'Affidavit' of the State's Key Witness, CHARLEY IVORY, which consist of a recantation, is exculpatory in nature, and establishes your Relator is a victim of a fundamental miscarriage of justice.

Without resolving the claims advanced in Cause Number <u>1042008-B</u>; and without addressing the exculpatory 'Affidavit' of the State's Key Witness, CHARLEY IVORY, advanced before the Court, the Trial Court, pursuant to Art. 11.07 Sec. 3, C.C.P., V.A.C.C.P, forwarded the case before the Texas Court of Criminal Appeals. This Honorable Court, addressed Cause No. <u>1042008-A</u>, only. On March 19, 2014, this Honorable Texas Court of Criminal Appeals 'white carded' your Relator in Cause No. <u>1042008-A</u>, only! Cause No. <u>73,771-05</u>.

Your Relator advanced a 'Motion For Reconsideration' before this Honorable Court, contending, inter alia, the Court did not address the Merits of Relator's claims, styled as Cause No. <u>1042008-B</u>, nor addressed the Constitutional Merit of the 'Recantation' of the State's Key Witness, CHARLEY IVORY,

whose Affidavit clearly exculpates your Relator. This Honorable Corut denied 'Reconsideration'. Afterwards, your Relator advanced a FEDERAL HABEAS CORPUS WRIT before the United States District Court, Southern District of Texas, Houston Division, Cause No. H-14-1735. The Attorney General was Order to respond, and it was the response of the Assistant Attorney General that apprised your Relator, for the first time, he has a Writ still pending in the State Court, Cause No. 1042008-B. The Assistant Attorney General moved the United States District Court, Hon. FRANCES STACY, to hold the Federal Writ in abeyance, pending outcome and resolution of Cause No. 1042008-B. Said Court, on September 29, 2014, Granted the same.

Your Relator, seeking confirmation from the Court that Cause No. 1042008-B, was in fact still pending, wrote the Court a letter of inquiry. On 10/10/14, the Texas Court of Criminal Appeals responded to said letter and confirmed the pending Writ before the State Court, Cause No. 1042008-B. Your Relator was not cognizant of the fact the Trial Court elected to 'piecemeal' his claims, and thought the Texas Court of Criminal Appeals 'white carding', on March 19, 2014, addressed the Merits of both Writs, making the same ripe for Federal Review. After an inquiry to the Trial Court, your Relator discovered his Writ was pending before the Trial Court as of January, 2014. Your Relator advanced a 'Petition For Writ Of Mandamus' before this Court, seeking to have this Honorable Court to compel the Trial Court to resolve the

Merits of his Claims in Cause No. 1042008-B, along with the Affidavit of the State's Key Witness, CHARLEY IVORY. On December 18, 2014, this Honorable Court 'Denied Without Written Order' the 'Motion For Leave To File The Original Application For Writ Of Mandamus.'

Your Relator, seeking a 'speedy resolution' of his claim, Cause No. 1042008-B, along with the 'newly discovered evidence' of an 'Affidavit' from the State's Key Witness, CHARLEY IVORY, that exculpates him, advances this his second (2nd) 'Petition For Writ Of Mandamus' seeking to advance his case forward. Your Relator cannot advance forward, in having his claims addressed by this Honorable Court, nor the Federal Court, (which is currently holding his Federal Habeas in Abeyance), until the Trial Court move on the Merit of Relator's claims.

## III.

## MINISTERIAL ACT

That your Relator asserts the act he seeks is wholly 'Ministerial'. Moreover, your Relator has no other remedy at Law to advance the Constitutional Merits of his claims, towards resolution, save for the filing of this his '2nd Petition For Writ of Mandamus'. See In Re Jackson, 238 S.W. 3d 603, 605-606, (Tex. App. - Waco 2007); Padieu v. Court of Appeals, 392 S.W. 3d 115, (Tex. Cr. App. 2013); Gov. Code Art. 22.021; U.S.C.A., Amend. 5; 14.

6

WHEREFORE, PREMISES, ARGUMENTS and AUTHORITIES CONSIDERED, your Relator prays and respectfully urge for this Honorable Court to Grant this his "Second (2nd) Petition For Writ Of Mandamus" and compel the Trial Court to comport with the dictates of Art. 11.07 Sec . 3, et.al., V.A.C.C.P. In addition your Relator prays this Court determine there are no other remedies at Law to employ save for the filing of this 'Mandamus', that the act he seeks is wholly 'ministerial' and that the delay in resolving the claim is unreasonable. Justice 'delayed' is Justice 'denied'. Relator prays for the relief sought, which is the Grant of this his 2nd effort to have this Court Grant Relief. Alternatively, your Relator prays this Court would compel the Trial Court to conduct an 'Evidentiary Hearing' on the Merits of his Claim, in light of the 'newly discovered evidence' from the State's key witness, CHARLEY IVORY, consisting of a 'Recantation' that comports with testimony of all the 'defense witnesses', along with the other claims advanced in Cause No. 1042008-B, or any other, further or different relief this Court deem is just and proper, in the interest of justice. It is so prayed for.

Respectfully submitted,

Kevin Terrell Tatum
Relator Pro Se
TDCJ #1409740
Darrington Unit
Rosharon, Tx. 77583

## AFFIDAVIT

PURSUANT TO TITLE 6, CHAPTER 132, V.T.C.A., CIVIL PRACTICE AND REMEDIES CODE, AND 28 U.S.C. § 1746:

I, KEVIN TERRELL TATUM, Relator, Pro Se, being currently confined in the Texas Department of Criminal Justice - Institutional Division, at the Darrington Unit, located here in Brazoria County, Texas, have read the foregoing "SECOND (2nd) PETITION FOR WRIT OF MANDAMUS", seeking to compel the Trial Court to comport with the dictates of Art. 11.07 Sec. 3, V.A.C.C.P., hereby DEPOSE and DECLARE under the pain and penalties of Perjury the foregoing '2nd Petition For Writ Of Mandamus' is true and correct to the best of Relator's belief and knowledge.

EXECUTED ON THIS THE ___5th___ DAY OF ___February___, 2015.


_Kevin Terrell Tatum_
KEVIN TERRELL TATUM
Relator Pro Se
TDCJ #1409740
Darrington Unit
Rosharon, Tx.  77583

## CERTIFICATE OF SERVICE

I, KEVIN TERRELL TATUM, Relator, Pro Se, files this his "2nd PETITION FOR WRIT OF MANDAMUS", seeking to have the Trial Court address the merits of his claim and to correct a 'Fundamentally Unjust Incarceration', hereby CERTIFY that a true and correct legible copy of the foregoing "PETITION", was served upon the below named and listed parties, by placing said 'Petition' in the United States Mail, in a wrapper, with pre-paid postage affixed thereto, on this the February day of 5th , 2015.

1. TEXAS COURT OF CRIMINAL APPEALS
   Attn: Hon. ABEL ACOSTA, Clerk
   P.O. Box 12308, Capitol Station
   Austin, Tx. 78711

2. HARRIS COUNTY COURTHOUSE
   179th Judicial District Court
   Attn: Hon. KRISTIN M. GUINEY, Judge
   1201 Franklin St., 18th Fl.
   Houston, Tx. 77002

KEVIN TERRELL TATUM
Relator Pro Se
TDCJ #1409740
Darrington Unit
Rosharon, Tx. 77583